IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION

| | |
|---|---|
| JOSEPH CAVITT and RACHEL CAVITT,   )<br>   )<br>   Plaintiffs,   )<br>   )<br>   v.   )<br>   )<br>THE PLUMBING & ROOTER   )<br>COMPANY, LLC, d/b/a   )<br>Benjamin Franklin   )<br>Plumbing, a Georgia   )<br>Limited Liability   )<br>Corporation, and DIRECT   )<br>ENERGY US HOME SERVICES,   )<br>INC., an Ohio Profit   )<br>Corporation registered to   )<br>do business in Alabama,   )<br>   )<br>   Defendants.   )  | CIVIL ACTION NO.<br>3:15cv722-MHT<br>(WO) |

ORDER

The allegations of the notice of removal are insufficient to invoke this court's removal jurisdiction under 28 U.S.C. §§ 1332 (diversity of citizenship) and 1441 (removal). To invoke removal jurisdiction based on diversity, the notice of removal must distinctly and affirmatively allege each party's citizenship. McGovern v. American Airlines, Inc., 511

F. 2d 653, 654 (5th Cir. 1975) (per curiam). The allegations must show that the citizenship of each plaintiff is different from that of each defendant. 28 U.S.C. § 1332; see also 2 James Wm. Moore, et al., Moore's Federal Practice ¶ 8.03[5][b] at 8-10 (3d ed. 1998).

The notice of removal fails to meet this standard. The notice gives the "residence" rather than the "citizenship" of the plaintiffs, Joseph and Rachel Cavitt. An allegation that a party is a "resident" of a State is not sufficient to establish that a party is a "citizen" of that State. Delome v. Union Barge Line Co., 444 F.2d 225, 233 (5th Cir.), cert. denied, 404 U.S. 995 (1971). See 13E Fed. Prac. & Proc. Juris. § 3612 (3d ed.). This is particularly true where the party is a member of the military, as the complaint alleges plaintiff Joseph Cavitt was during the events at issue in the case. See 13E Fed. Prac. & Proc. Juris. § 3617 (3d ed.) ("Members of the military

2

services of the United States also are protected against the involuntary loss of a domicile for purposes of diversity of citizenship jurisdiction.").

***

It is therefore the ORDER, JUDGMENT, and DECREE of the court that the removing party has until November 4, 2015, to amend the notice of removal to allege jurisdiction sufficiently, 28 U.S.C. § 1653; otherwise this lawsuit shall be remanded to state court.

DONE, this the 28th day of October, 2015.

                                                                  /s/ Myron H. Thompson  
                                                UNITED STATES DISTRICT JUDGE